http://www.va.gov/vetapp16/Files6/1644963.txt

Citation Nr: 1644963 
Decision Date: 11/30/16 Archive Date: 12/09/16

DOCKET NO. 12-00 837 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Lincoln, Nebraska

THE ISSUE

Entitlement to service connection for rectal cancer, to include as due to herbicide exposure.

REPRESENTATION

Appellant represented by: AMVETS

WITNESS AT HEARING ON APPEAL

The Veteran

ATTORNEY FOR THE BOARD

J.N. Moats, Counsel

INTRODUCTION

The Veteran served on active duty from April 1966 to October 1969, which included service in Vietnam.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a September 2011 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Lincoln, Nebraska. 

In March 2013, the Veteran testified at a Board video conference hearing before the undersigned Veterans Law Judge.

In November 2014, the Board denied the claim. The Veteran appealed the decision to the United States Court of Appeals for Veterans Claims (Court). In October 2015, the Secretary of VA and the Veteran (the parties) moved the Court to vacate the November 2014 pursuant to a Joint Motion for Remand (JMR), which was granted in an October 2015 Order. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

In the JMR, the parties agreed that the Board failed to satisfy it regulatory duty to "suggest the submission of evidence which the claimant may have overlooked
and which would be of advantage to the claimant's position," when the Veteran 
presented hearing testimony before the Board on March 27, 2013. 38 C.F.R.
§ 3.103(c)(2); see also Bryant v. Shinseki, 23 Vet.App. 488, 492 (2010). As such, the JMR stated that the case must be remanded in order to afford the Veteran another hearing before the Board. Further, in April 2016, the Veteran's representative requested that the Veteran be scheduled for another Board video conference hearing at the RO. In accordance with 38 C.F.R. § 20.700 (2015), a hearing on appeal will be granted to an appellant who requests a hearing and is willing to appear in person. See also 38 U.S.C.A. § 7107 (West 2014) (pertaining specifically to hearings before the Board). Under the circumstances, this case must be remanded so that the Veteran may be afforded another Board video conference hearing. 

Accordingly, the case is REMANDED for the following action:

Schedule the Veteran for a Board video-conference hearing before a Veterans Law Judge. 
 
The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
MICHAEL E. KILCOYNE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).